HANFORD M. SWAN, Appellant, v. GEORGE W. MORGAN, Individually and as Administrator, etc., of MARY L. MORGAN, Deceased, and JENNIE C. MORGAN, Respondents.

*Testimony as to a transaction with a decedent — declarations of a decedent against her own interest — hearsay evidence — declarations of a debtor — when admissible in favor of his grantee.*

An action was brought by a judgment creditor of Mary L. Morgan, since deceased, to set aside certain transfers made by her to her daughter, Jennie C. Morgan, on the ground that they had been made in fraud of creditors. The court, upon the trial, found that the transfers were made to secure moneys given to Mary L. Morgan by her mother for Jennie C. Morgan, and that there was no fraud in the transaction. Upon the trial, George L. Morgan, the father of Jennie C. Morgan, and the administrator of the estate of Mary L. Morgan, testified, under objection, that about the time when Mary L. Morgan received the money for her daughter, and long before the plaintiff's debt was created, she stated that she held the money for her daughter Jennie, and that she was indebted to her for it.

Upon an appeal from the judgment in favor of the defendants,

*Held,* that the defendant Jennie did not hold or claim under her father, and that he was not testifying in his own behalf or interest, and that the testimony was admissible:

That hearsay evidence would be allowed in the case of declarations and entries made by persons since deceased, which at the time they were made were against the interests of the parties making them;

That declarations of a debtor prior to the alleged inception of a fraud are admissible in favor of the grantee.

APPEAL by the plaintiff, Hanford M. Swan, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Schuyler on the 10th day of July, 1893, upon the decision of the court dismissing the complaint upon the merits, rendered after a trial at the Schuyler Special Term.

*James L. Baker*, for the appellant.

*C. H. Everts*, for the respondents.

MERWIN, J. :

On the 3d day of August, 1890, Mary L. Morgan died intestate, and on December 30, 1890, the defendant George W. Morgan, her husband, was duly appointed administrator of her estate. In July, 1889, she became indebted to plaintiff, and on the 21st of December, 1891, the plaintiff recovered a judgment on such indebtedness against George W. Morgan as administrator. This action was commenced in May, 1892, against George W. Morgan, individually and as administrator, and against Jennie C. Morgan. Its object is to set aside, as fraudulent and void as to creditors, a conveyance of certain real estate from Mary L. Morgan to the defendant Jennie C. Morgan, dated November 19, 1889, and recorded June 28, 1890, and also a bill of sale or assignment dated June 24, 1890, from Mary L. Morgan to said Jennie, purporting to cover all the personal property of the said Mary. It was alleged that these transfers were without consideration, and were made with the intent to defraud the plaintiff out of his debt.

It was found by the Special Term that these transfers were made to secure to the defendant Jennie " the payment of a sum which exceeded the value of the interest of Mary L. Morgan in both the real and personal property mentioned, for money which had been delivered to Mary L. Morgan by her mother for her daughter, the defendant Jennie C. Morgan, and which justly belonged to her," and that they were not, either of them, made with an intent to hinder, delay, cheat or defraud the plaintiff or any of the creditors of

Mary L. Morgan. These findings are challenged by the appellant, and the main question in the case is whether the evidence is sufficient to sustain them.

It appears that before the trial the real property had been sold upon foreclosure of prior mortgages, and did not bring enough to pay the mortgages. The bill of sale or assignment covered a quantity of book accounts and some chattels. There was evidence that the accounts were uncollectible, and that the interest of the decedent in the chattels was of about the value of $100. There was evidence tending to show that the decedent owed her daughter several hundred dollars.

A careful examination of the evidence leads us to the conclusion that it is sufficient to sustain the findings complained of. They rest largely on the testimony of George W. Morgan, and his credibility was a matter that the trial court had better opportunity to determine than the appellate court can have by simply reading the evidence.

It is claimed by the appellant that George W. Morgan was improperly allowed to testify as to statements of the decedent. The objection was a general one " as to any conversation or any statement that this witness gives from the witness' wife, deceased, as to any amount of money, as hearsay and under section 829." The defendant Jennie had a right to have the benefit of her father's evidence. She did not hold from him, and he was not testifying in his own behalf or interest. His legal rights, if any, in the property were the other way.

An exception to the rule, rejecting hearsay evidence, is allowed in the case of declarations and entries made by persons since deceased and against the interest of the persons making them at the time when they were made. (1 Greenl. Ev. § 147.) Within this rule the statements of the decedent against her interest long before this controversy or the debt of plaintiff existed and at or near the time when she received the money, that she held it for her daughter and was indebted to her daughter therefor, were competent. If so, the ruling was not erroneous.

In Bump on Fraudulent Conveyances (2d ed.), 576, it is said that " declarations of the debtor prior to the alleged inception of the fraud are admissible in favor of the grantee," on the question of

consideration, citing *Dwight* v. *Brown* (9 Conn. 83); *Morris Canal & Banking Co.* v. *Stearns* (23 N. J. Eq. 414).

We are of the opinion that the objection to the evidence was properly overruled.

The plaintiff, in his complaint, alleged that the decedent, at the time of her death, was the owner of a small piece of land of the value of about fifty dollars adjacent to the other real estate, and that the defendants had the deed thereof, but the same was not on record. The plaintiff claimed the right to reach this property in this action. It was shown that before the death of Mrs. Morgan a deed was executed of such a piece of property running to her, but it was also shown and found by the court that Mrs. Morgan refused to accept the deed, and so it was properly held that she acquired no title under the deed.

Besides, if she did have the title, the plaintiff had a remedy by proceedings in the Surrogate's Court.

The foregoing considerations lead to an affirmance.

HARDIN, P. J., concurred; MARTIN, J., not sitting.

Judgment affirmed, with costs.